

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. C. Chadick
County Attorney
Wood County
Quitman, Texas

Dear Sir:

Opinion Number O-2271
Re: Accrued uncollected interest
on bonds owned by the Permanent
School Fund of a county is the
property and a part of the Perma-
nent School Fund until collected,
and not a part of and the property
of the Available School Fund until
such collection.

This acknowledges receipt of your opinion request of recent date, and we quote from your letter as follows:

"Lone Pine Common School District issued bonds of which $4,000.00 are now owned by the Wood County Permanent School Fund; such bonds contain- ing provisions that they might be recalled at the option of the giver; since the time of issuance Lone Pine Common School District has been absorb- ed by the Mineola Independent School District, the independent school district assuming the pay- ment of the bonds; the Mineola district defaulted paying the annual interest to the extent of $600.00; the Mineola district has called the bonds for pay- ment of the principal.

"The Wood County Board of Education used the funds in the Available School Fund for administrative ex- pense beneficial to all the common school districts

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. C. Chadick, page #2

of the county, including Lone Pine, prior to 1932, without prorating the independent school districts their share, including the Mineola Independent. Since the absorption of the Lone Pine District the Mineola district has received its pro rata share of the Available School Fund.

"The interest on the $4,000.00 bond is current for the year 1940.

"The Mineola district refuses to pay the $600.00 in accrued interest on the $4,000 obligation, but offers to set this interest claim of the Permanent School Fund off against the Mineola district claim against the Available School Fund.

PROPOSITIONS

Number One

"Accrued uncollected interest on bonds owned by the Permanent School Fund of a county is the property and a part of the Permanent School Fund until collected, and not a part of and the property of the Available School Fund until such collection.

Number Two

"The claim of an independent school district for its pro rata share of the Available School Fund of a county arising when such funds were used for administrative expense of the common school districts of the county cannot be set off against the claim of the County Permanent School Fund for interest on bonds the independent school district assumed on the absorption of a common school district that was a beneficiary of the funds used for administrative expense.

Number Three

"County Available School Funds cannot be appropriated to pay indebtedness incurred in years previous to its collection.

Honorable T. C. Chadick, page #3

        " * * * We request an answer to each of the
propositions."

        The Constitution and Statutes enacted thereunder de-
clare what shall constitute the School Fund.  Constitution,
Art. 7, Sec. 2-6; Revised Civil Statutes, 1925, Arts. 2823-
24-25.

        The County Available School Fund is the fund which is
used to pay the administrative and operating expense of the
schools of the county.  This fund is derived from several
sources, one of which is the interest arising from any bonds
belonging to the Permanent School Fund.  Arts. 2823 and 2824,
Revised Civil Statutes; 37 Tex. Jurisprudence, pages 860-1-2.
The management and control of the available fund seems to be
in the county school trustees, acting through the county super-
intendent.  Oge, et al vs. Froboese, et al., 66 S.W. 688.

        The Permanent School Fund is a trust fund for education-
al purposes.  The counties are mere trustees for the funds and
the public schools are the beneficiaries.  37 Tex. Jurisprudence,
860, and cases cited therein.   This department has held that
the commissioners' court has the responsibility of investing
and safeguarding this fund.  Attorney General's Opinion Number
0-1484; Art. 7, Sec. 6, of the State Constitution; Art. 2824,
Revised Civil Statutes.

        The purpose of the foregoing discussion is to show that
the Permanent School Fund and the Available School Fund are en-
tirely separate and distinct funds, under management and control
of different governing bodies and serve two different purposes.
As stated above, the interest arising from bonds belonging to
the Permanent School Fund, becomes a part of the Available Fund.
We understand this contemplates the money collected as becoming
a part and not the mere right to collect, which is inchoate,
and, until the money is collected, cannot be exercised by any
entity except the trustees acting for the Permanent School Fund.
The interest does not become a part of the Available Fund un-
til collected and properly placed in said fund.  Under the
facts submitted we are not passing upon the question of whether
or not this claim against the school fund is a just one, but
whether such claim is just or not, it cannot be set off against
the Permanent School Fund.

Honorable T. C. Chadick, page #4

Therefore, it is the opinion of this department that the first two propositions, as stated by you, are true and correct.

We do not feel that we have been furnished with sufficient information to apply your third proposition to the facts submitted. However, we will state, as a general rule, that school funds cannot be appropriated to pay indebtedness incurred in years previous to its collection. Collins vs. Peacock, 55 S.W. 756.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud C. Boothman
Assistant

COB-s


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN